# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 02-80453-CIV-HURLEY/LYNCH

ACCESS FOR THE DISABLED, INC.,
and ROBERT COHEN,

      **Plaintiffs,**

v.

MANAGEMENT GROUP, INC.,

      **Defendant.**

_____/

```
FILED by ____ D.C.

OCT 1 2 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.
```

## ORDER DENYING PLAINTIFFS' MOTION FOR
## COERCIVE AND COMPENSATORY DAMAGES

**THIS CAUSE** is before the court upon the plaintiffs' motion for coercive and compensatory

damages. The court previously held the defendant in civil contempt and directed the U.S. Marshals

Service to lock and seal the doors to the defendant's restaurant until all repairs and modifications

specified in the parties' settlement agreement have been completed. The plaintiff now seeks "coercive

and compensatory damages" in the amount of $250 per day from the date of the court's order closing

the subject restaurant up to and including the date that the defendant brings the restaurant into

compliance. Although the settlement agreement provides for attorney's fees and costs in the event

of an action to enforce the settlement agreement, the settlement agreement makes no mention of

coercive or compensatory damages. The court does, however, have broad discretion to award

coercive and compensatory sanctions in an effort to enforce its own orders. *See Citronelle-Mobile*

*Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991). "When fashioning a sanction to

secure compliance, a district court should consider the character and magnitude of the harm

threatened by continued contumacy and the probable effectiveness of any suggested sanction in

bringing about the result desired." *Id.*  "Sanctions may be imposed to coerce the contemnor to comply with the court's order, but may not be so excessive as to be punitive in nature." *Id.*  Here, the defendant recently filed a notice indicating that the defendant has been working on bringing the restaurant into compliance and that almost all the necessary repairs have been completed.  As a result, the court declines to award the sanctions requested by the plaintiff.

After considering the motion, the record in this case, and the applicable law, it is hereby **ORDERED** and **ADJUDGED** that the plaintiffs' motion for coercive and compensatory damages [DE # 57] is **DENIED**.

**DONE** and **SIGNED**  in chambers at West Palm Beach, Florida this *11*  day of October, 2006.

Daniel T. K. Hurley
United States District Judge

*Copies furnished to counsel of record*